IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ANTHONY LYNN BRADLEY,           §
                                §
              Petitioner,       §
                                §
V.                              §
                                §        No. 3:14-cv-3228-D-BN
                                §
STUART JENKINS, Director,       §
Texas Department of Criminal Justice, §
Parole Division,                §
                                §
              Respondent.       §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Anthony Lynn Bradley, a Texas prisoner proceeding *pro se*, has filed

an application for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons

explained below, his petition should be denied as barred by limitations.

**Applicable Background**

In March 1985, Bradley was convicted of robbery and sentenced to thirty years'

imprisonment. *See State v. Bradley*, No. F85-96088-LV (292nd Jud. Dist. Ct. of Dallas

Cnty., Tex. Mar. 22, 1985). And his sentence and conviction were affirmed on direct

appeal. *See Bradley v. State*, No. 05-85-320-CR (Tex. App. – Dallas Nov. 14, 1985, pet.

ref'd).

Bradley was first released on parole in November 1990, but his parole was

revoked in January 1994, and, as a result, he lost two years, four months, and three

days of "street time." *See* Dkt. 11-1 (Aff. of Charley Valdez, Texas Department of

Criminal Justice ("TDCJ") Classification and Records Department) at 3. Bradley was again released on parole in May 1995. *See id.* And, although several pre-revocation warrants of arrest have subsequently been issued, as of the filing of this action, Bradley's parole had not again been revoked – meaning that he has remained on parole and that has not been returned to TDCJ custody. *See id.* at 3-4.

Bradley originally filed this action as one under Section 2254 but against this Court and appeared to claim that a criminal action in this Court, *United States v. Bradley*, No. 3:93-cr-229-H (N.D. Tex.), which was dismissed on a motion by the government, affected the date on which he was to be released from state custody. *See, e.g.*, Dkt. No. 5 (responses to the Court's questionnaire) at 9 ("Petitioner was arrest on 6-4-1993 cause 393CR-229-H was dismissed February 1994[.] Petitioner was release from state custody after revok [sic] and 6 months in [TDCJ] May 5, 1995[.] About two years later, Petitioner parole certificate discharge date is 2017 when the discharge date should read Nov. 8, 2014.").

For the reasons discussed below, the undersigned concludes that Bradley's claims concerning the 1994 revocation of his parole, regardless whether such claims somehow relate to the federal criminal action dismissed on the government's motion, are barred by the applicable statute of limitations and that Bradley has not shown that the limitations period should be tolled.

## Legal Standards

Bradley contends that the parole revocation resulted in an extension of the date on which he is to be discharged from parole; "the extension of a habeas petitioner's

parole discharge date is sufficient to create a live case or controversy for claims related to revocation proceedings, notwithstanding the petitioner's subsequent re-release on parole." *Wiggins v. Thaler*, 428 F. App'x 468, 473 (5th Cir. June 2011) (King, J., concurring) (citing *Villegas v. Thaler*, 480 F. App'x 761, 763 (5th Cir. May 2011) (per curiam); *Tolley v. Johnson*, 228 F.3d 410, 2000 WL 1056305 (5th Cir. 2000) (per curiam)).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations

period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable

tolling in "rare and exceptional circumstances." *See, e.g., United States v. Riggs,* 314

F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir.

1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled
> by the defendant about the cause of action or is prevented in some
> extraordinary way from asserting his rights." *Coleman v. Johnson,* 184
> F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation
> omitted). "[T]he principles of equitable tolling ... do not extend to what is
> at best a garden variety claim of excusable neglect." *Irwin v. Department
> of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal
> process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d
> 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam) (in which

the United States Court of Appeals for the Fifth Circuit affirmed the district court's

denial of equitable tolling because movant "was not misled about his cause of action or

prevented in an extraordinary way from asserting his rights" but, instead, failed to

mail his Section 2255 motion to the correct court within the limitation period, an error

the court of appeals characterized as "a 'garden variety' claim of excusable neglect,

which is insufficient to justify application of the doctrine of equitable tolling" (quoting

*Irwin*, 498 U.S. at 96)).

The United States Supreme Court has determined, further, that the AEDPA

statute of limitations can be overcome by a showing of "actual innocence." *See

McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway

is only available to a petitioner who presents "'evidence of innocence so strong that a

court cannot have confidence in the outcome of the trial unless the court is also

-4-

satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936

(quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence

must be sufficient to persuade the Court that "'no juror, acting reasonably, would have

voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513

U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The

Supreme Court has made clear that the term 'actual innocence' means *factual*, as

opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a

constitutional violation by itself requires reversal, whereas 'actual' innocence, as the

Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not

commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

The 1994 revocation that Bradley challenges – which resulted in a loss of

approximately 28 months of "street time" and extended his parole maximum discharge

date – occurred prior to a pertinent amendment to the applicable statutory scheme. As

one district court in this circuit has explained:

> In Texas, an inmate whose supervised release was revoked before
> September 1, 2001, was not entitled to credit against his sentence for the
> street time he had accumulated following the date of his release to the
> date of his revocation. TEX. GOV'T CODE ANN. § 508.283(b) (Vernon 2004)
> (formerly codified at TEX. CRIM. PROC. CODE art. 42.18, § 14(a)). Therefore,
> under the statutory scheme in place prior to September 1, 2001, Texas
> inmates had no constitutionally protected liberty interest in retention of
> accumulated street-time credit. *Thompson v. Cockrell*, 263 F.3d 423, 426
> (5th Cir. 2001). Under the statute as amended, certain inmates, whose
> supervised releases were revoked on or after September 1, 2001, are
> entitled to some street-time credit upon their return to TDCJ. TEX. GOV'T
> CODE ANN. § 508.283(c) (Vernon 2004); *Ex parte Spann*, 132 S.W.3d 390,
> 392 (Tex. Crim. App. 2004) (observing that § 508.283(c) of the Texas
> Government Code and its provision awarding street-time credit applies

to revocations occurring on or after September 1, 2001). The Fifth Circuit has acknowledged the possibility that the amended statutory scheme found at § 508.283(c) of the Texas Government Code may have created a protected liberty interest in the retention of street-time credit by some prisoners whose supervised release was revoked after September 1, 2001. *See Whitley v. Dretke*, 111 Fed. App'x 222, 223 (5th Cir. 2004) (per curiam).

*McGregor v. Quarterman*, Civ. A. No. G-07-397, 2008 WL 2465342, at *4 (S.D. Tex. June 17, 2008) (internal citation modified).

While Bradley's claim – concerning a pre-September 1, 2001 revocation – is likely not cognizable under federal habeas relief, it is also clearly barred by the applicable statute of limitations.

First, on the date of his parole revocation in 1994, Bradley either knew of his claim or could have known of his claim through the exercise of due diligence. *See Alvarez v. Stephens*, No. 3:13-cv-5003-D, 2014 WL 4814466, at *2 (N.D. Tex. Sept. 29, 2014) (citing *Biggins v. Dretke*, No. 3:03-cv-2005-P, 2004 WL 1898255 at *2 (N.D. Tex. Aug.24, 2004) (finding that on date of parole revocation petitioner knew, or could have known through the exercise of due diligence, of the loss of street-time credits); *Tweedy v. Dretke*, No. 4:03-cv-520-A, 2003 WL 22724659 at *3 (N.D. Tex. Sept.15, 2003) (same)).

But AEDPA and its one-year limitation period did not become effective until when AEDPA was signed into law on April 24, 1996. *See United States v. Patterson*, 211 F.3d 927, 929 (5th Cir. 2000). The Fifth Circuit then allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *See United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998); *see also Flanagan v. Johnson*, 154 F.3d 196, 202

(5th Cir. 1998) (clarifying that one-year grace period extends filing date to April 24, 1997). AEDPA's statute of limitations was not tolled during the pendency of Bradley's state habeas application because it was not filed until March 2012, *see* Dkt. No. 5 at 7, more than 14 years after the limitations grace period had run*., see Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Absent tolling of the limitations period, then, the current federal habeas application, received and docketed by the Court on September 8, 2014, is untimely by more than 17 years. And Bradley fails to demonstrate that he is entitled to statutory or equitable tolling by asserting that "extraordinary circumstance" prevented him from asserting the claims that he now brings in his federal habeas application in a timely manner. *See, e.g.*, *Holland v. Florida*, 560 U.S. 631, 649 (2010) (a movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))).

## Recommendation

The Court should deny the Section 2254 application as barred by the applicable statute of limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 15, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE